UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>　　　　　　　　　　Plaintiff,<br>v.<br>JOHN DOE, subscriber assigned IP address 68.8.146.252,<br>　　　　　　　　　　Defendant. | Case No. 17-cv-02302-MMA-JLB<br><br>**ORDER GRANTING PLAINTIFF'S** ***EX PARTE*** **APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**<br><br>**[ECF No. 4]** |

Presently before the Court is Plaintiff's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 4.) No opposition was filed, as no defendant has been named or served. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

This is one of numerous cases filed by Plaintiff alleging copyright infringement against a defendant using the BitTorrent file-sharing system.[1] Plaintiff is the copyright owner of motion pictures distributed through adult content websites *Blacked*, *Tushy*, and

---

[1] On November 14, 2017, Strike 3 holdings filed eight separate cases against John Does in this District: 17-cv-2302-MMA-JLB; 17-cv-2312-MMA-NLS; 17-cv-2313-AJB-JMA; 17-cv-2315-MMA-AGS; 17-cv-2316-GPC-KSC; 17-cv-2317-JAH-BLM; 17-cv-2318-DMS-BLM; and 17-cv-2319-JAH-BGS.

1

*Vixen*. (ECF No. 4-2 at 3.) Plaintiff alleges that the person or entity assigned Internet Protocol ("IP") address 68.8.146.252 has illegally copied, downloaded, and/or distributed thirty-nine of Plaintiff's motion pictures through his, her, or its use of the online BitTorrent file distribution network. (ECF No. 1 at ¶ 4.) On November 14, 2017, Plaintiff commenced the instant action by filing a Complaint against Defendant "John Doe, subscriber assigned IP address 68.8.146.252." (ECF No. 1.) The Complaint alleges a single claim of copyright infringement against Defendant. (*Id.* at ¶¶ 34-39.)

Because Defendant used the Internet to commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address, which Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") Cox Communications. (ECF No. 4-1 at 6.) In the present Motion, Plaintiff asserts that Cox Communications "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity" and that "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (*Id.* at 6-7.) Accordingly, Plaintiff seeks leave to serve a Rule 45 subpoena on Cox Communications to obtain the name and address associated with IP address 68.8.146.252. (*Id.*)

## II. LEGAL STANDARDS

Discovery is generally not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of

discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

### III. DISCUSSION

**A.  Early Discovery**

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on Cox Communications before the parties conduct a Rule 26(f) Conference in this case so that Plaintiff may obtain the true name and address of Defendant. (ECF No. 4-1 at 6-7.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**1.  Identification of Missing Party with Sufficient Specificity**

For the Court to grant Plaintiff's Motion, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants

with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12cv00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1–46*, No. C-11-02263 HRL, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed.[2] In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next." *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007). It is likely that the user of IP address 68.8.146.252 is a residential user and that the IP address assigned by Cox Communications is dynamic.[3] Thus, if Plaintiff's geolocation efforts were performed in the temporal proximity to the offending downloads, they may be probative of the physical location of the subject IP subscriber. If not, the geolocation of the subject IP address may potentially be irrelevant.

Here, the Court concludes that the instant Motion sufficiently demonstrates that Defendant is likely subject to the Court's jurisdiction. Plaintiff attaches to its Complaint a table reflecting that the user of IP address 68.8.146.252 engaged in allegedly infringing activity from June 6, 2017, through October 16, 2017. (ECF No. 1-2 at 1-3.) In addition,

---

[2] "Static IP addresses are addresses which remain set for a specific user. Dynamic IP addresses are randomly assigned to internet users and change frequently. Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

[3] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'" *Call of the Wild Movie*, 770 F. Supp. 2d at 356.

Plaintiff attaches to its Motion the declaration of Tobias Fieser, an employee of IPP International UG (IPP), a forensic investigation services company. (ECF No. 4-2.) Fieser declares that IPP connected to an electronic device using IP address 68.8.146.252, which was observed distributing multiple pieces of Strike 3 Holding's motion pictures. (*Id*. at ¶ 7.) Fieser also declares that according to its ancillary surveillance program, IPP confirmed that IP address 68.8.146.252 is associated with significant and long-term BitTorrent use. (*Id*. at ¶ 12.)

Plaintiff's Motion asserts that the IP address 68.8.146.252 belongs to Cox Communications and that Plaintiff employed Maxmind's geolocation technology to locate that IP address within the Southern District of California. (ECF No. 4-1 at 7, 11.) Plaintiff's Motion argues that this Court has accepted Maxmind's geolocation findings for the purpose of allowing expedited discovery and that federal law enforcement relies on Maxmind for its cyber investigations. (*Id.* at 12) (citing *Criminal Prods., Inc. v. Doe-72.192.163.220*, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016)). At the Court's request, Plaintiff filed a Supplemental Declaration of Emilie Kennedy, an employee of Plaintiff, addressing when the device associated with IP address 68.8.146.252 was tracked to this district. (ECF No. 6.) Kennedy declares that IP address 68.8.146.252 was automatically inserted into Maxmind's Geolocation Database on September 5, 2017 after Plaintiff first received infringement data from IPP[4] and Maxmind traced the IP address location to San Diego, CA. (ECF No. 6-1 at ¶ 4.) Kennedy also declares that as of December 12, 2017, Maxmind's Geolocation Database continues to trace IP address 68.8.146.252 to a location in San Diego, CA. (*Id*. at ¶ 5.)

The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff, the documented success of the Maxmind geolocation service, and the continued tracing of the IP address to San Diego, CA, Plaintiff has met its evidentiary

---

[4] The Court notes that the table attached to Plaintiff's complaint references alleged infringement as early as June 6, 2017. (ECF No. 1-2 at 1.)

5

burden of showing that IP address 68.8.146.252 likely relates to a physical address located in this district.

### 2. Previous Attempts To Locate Defendant

For the Court to grant Plaintiff's Motion, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court concludes that Plaintiff has met this burden. Plaintiff retained a forensic investigation services company, IPP, to monitor the BitTorrent file distribution network for the presence of Plaintiff's copyrighted works and to identify the IP addresses of devices that are found distributing Plaintiff's copyrighted works. (ECF No. 4-2 at ¶¶ 4-5.) Through IPP, Plaintiff has been able to identify much about the subscriber of IP address 68.8.146.252, such as his, her, or its ISP and software used to commit the allegedly infringing acts. (*Id.* at ¶¶ 7-10.) Plaintiff also retained a cyber-security firm, 7 River Systems, LLC, which declares, based on its experience in similar cases, that Defendant's ISP is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 68.8.146.252 during the time of the alleged infringement. (*Id.* at ¶ 10.) Based on the above, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has. Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the Ninth Circuit's "good cause" test.

### 3. Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Motion, Plaintiff must next show that its suit against Defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: copyright infringement. (ECF No. 1 at ¶¶ 34-39.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v.*

*Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). Here, Plaintiff purports to be the owner of the thirty-nine copyrighted works at issue, and asserts that every work has been registered with the United States Copyright Office or has a pending copyright registration application. (ECF No. 1 at ¶¶ 1, 4, 6; ECF No. 4-1 at 15 (citing *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.,* 606 F.3d 612 (9th Cir. 2010).) In addition, Plaintiff alleges that "Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (*Id*. at ¶ 23.) IPP declares that it observed the device using IP address 68.8.146.252 distributing multiple pieces of Strike 3 Holding's motion pictures, and states that the IP address is associated with significant and long-term BitTorrent use. (ECF No. 4-2 at ¶¶ 7, 12.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would likely withstand a motion to dismiss.

### 4. Specific Discovery Request

Finally, for the Court to grant Plaintiff's Motion, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). Although Plaintiff did not provide the Court with a proposed subpoena, Plaintiff has provided the Court with sufficient information regarding its requested discovery by stating in its Motion that it will seek from Cox Communications only the name and address of the subscriber of IP address 68.8.146.252.

### B. Additional Considerations

This Court shares the concern noted by the Honorable Nita L. Stormes in the parallel case *Strike 3 Holdings, LLC v. John Doe*, No. 17-cv-2312-MMA-NLS (S.D. Cal. Dec. 7, 2017) regarding the risk of "'unscrupulous tactics [being] used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses' to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment." (citing *Malibu Media, LLC v. Does 1-5*, 2012 U.S. Dist. LEXIS 77469, *1 (S.D.N.Y. June 1, 2012)). Accordingly, the Court issues an order establishing procedural safeguards to protect the privacy and interests of the Defendant. *See e.g.,*

*Malibu Media v. Doe,* 2014 U.S. Dist. Lexis 79595, *5 (M.D. Fla. Apr. 10, 2014) (imposing conditions and citing cases that do the same); *see also Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534, *17 (E.D. Cal. Mar. 18, 2016).

## IV. CONCLUSION

For the reasons set forth above, the Court finds good cause exists to allow Plaintiff to serve a Rule 45 subpoena upon Cox Communications at this time. Accordingly, Plaintiff's Motion is **GRANTED** as follows:

1. Plaintiff may serve on Cox Communications a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 68.8.146.252 for the relevant time period. Plaintiff shall not seek from Cox Communications any other personally identifiable information about the subscriber;

2. Plaintiff's subpoena to Cox Communications must provide a minimum of forty-five (45) calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on Cox Communications, Plaintiff shall also serve on Cox Communications a copy of this Order;

4. Within fourteen (14) calendar days after service of the subpoena, Cox Communications shall notify the subscriber assigned IP address 68.8.146.252 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge Cox Communications' disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If Cox Communications seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3);

7. In the event a motion to quash, modify, or otherwise challenge the subpoena

is brought properly before the Court, Cox Communications shall preserve the information sought by the subpoena pending the resolution of any such motion; and

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Cox Communications for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. If the Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: December 15, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge